[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an eleven count revised complaint claiming damages for vexatious litigation, emotional distress, and slander based on a phone call which defendants made to DCF alleging that plaintiff was starving one of her children and making inappropriate sexual comments to her thirteen year old son and causing DCF to investigate the plaintiffs, which investigation terminated in the plaintiff's favor. CT Page 8996
Defendants move to strike Counts one and two alleging common law vexatious litigation and counts three and four alleging statutory vexatious litigation under General Statutes § 52-568
(2)(1) or (2).
An action for vexatious litigation, whether common law or statutory must be based on a prior "civil action or complaint". In DeLaurentis v. New Haven, 220 Conn. 225 (1991) our Supreme Court apparently adopted § 680 Restatement (second) of Torts which extended the concept of a civil action to include the "imitation, continuation or procurement against another before an administrative board that has the power to take action adversely affecting the legally protected interest of another." That case involved a removal proceeding before the mayor which might have deprived the plaintiff from his unpaid position as parking authority commissioner. The court stated that such a position was a "legally protected interest" in the sense that, "the city charter restricts the mayor's right to deprive him of it.
A complaint to DCF, such as the one in this case, which turned out to be unfounded, does not violate any legally protected interest of the plaintiffs in the same way or in the same degree as a deprivation of a public office. Nor does an investigation by DCF, mandated by a number of statutes after complaints made in a variety of circumstances, approach the formality or invite the consequences of a removal hearing before a mayor. cf General Statutes § 17a-101e(b); Morales v. Kagel, 23 Conn. L. Rpt. No. 5. December 21, 1998 (Wagner, J. October 27, 1998) (on appeal).
The alleged investigation by DCF in this case is insufficient at law to constitute a civil action or complaint on which to base an action for vexatious litigation, either under statute or common law.
Motion to Strike Count one through four granted.
Jerry Wagner State Judge Referee